1
2
3
4
5
6
7
8        UNITED STATES DISTRICT COURT
         WESTERN DISTRICT OF WASHINGTON
9                    AT TACOMA

10   Bo Glenn Norling,

11                   Petitioner,            CASE NO. 3:19-cv-05697-BHS-JRC

12        v.                                REPORT AND RECOMMENDATION

13   Jeffrey A Uttecht,                     NOTED FOR:  November 29, 2019

14                   Respondent.

15        The District Court has referred this petition for a writ of habeas corpus to United States

16   Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. §

17   636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner filed the

18   petition pursuant to 28 U.S.C. § 2254.

19        The Court concludes that the petition is untimely as it was filed more than one year after

20   the state court judgment became final. There are no extraordinary circumstances in this case

21   requiring the application of equitable tolling principles. Therefore, the petition is barred by the

22   one-year limitations period imposed under 28 U.S.C. § 2244(d) and should be dismissed with

23   prejudice. The Court also recommends denying all pending motions (Dkts. 13, 14) as moot.

24

## I. Background

Petitioner was convicted, upon pleading guilty, of first-degree rape of a child and first-degree molestation. Dkt. 12, Exhibit 1. Petitioner did not file a direct appeal but filed a personal restraint petition ("PRP") on November 13, 2017. Dkt. 12, Exhibits 2, 3, 4, 5. On April 5, 2018, the Washington Court of Appeals dismissed the PRP as frivolous. Dkt. 12, Exhibit 6. Petitioner did not move for discretionary review with the Washington Supreme Court. *See* Dkt. 12. Petitioner filed this petition on July 21, 2019. Dkt. 6.

Petitioner raises four grounds for relief all based on his claim he is unlawfully detained and the State of Washington does not have jurisdictional authority to decide federal matters. Dkt. 6. On September 26, 2019, respondent filed an answer, wherein he asserts that the petition was filed after the limitations period expired. Dkt. 11. Respondent maintains that the petition is therefore time-barred and should be dismissed with prejudice. *Id*. In the alternative, respondent argues that the petition is unexhausted and procedurally barred and that petitioner fails to state a federal constitutional ground for relief. *Id.* Petitioner did not file a traverse but filed a motion to compel (Dkt. 13) and motion for summary judgment (Dkt. 14).

## II. Discussion

*A. Statute of Limitations*

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which is codified at 28 U.S.C. § 2241 *et seq.*, a one-year statute of limitations applies to federal habeas petitions. Section 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." If during the limitations period a "properly filed application for state post-conviction or other collateral review . . . is

1 | pending," the one-year period is tolled. 28 U.S.C. § 2244(d)(2); *see Pace v. DiGulielmo*, 544
2 | U.S. 480, 410 (2005).

3 | If a petitioner fails to petition the state's highest court for review, the conviction becomes
4 | final when the time for seeking such review elapses. *See Wixom v. Washington*, 264 F.3d 894,
5 | 897-98 (9th Cir. 2001). In Washington, notice of appeal must be filed in the trial court 30 days
6 | after the entry of the decision of the trial court. Wash. RAP 5.2(a). Thus, if a petitioner does not
7 | file a direct appeal, the state court judgment becomes final at the end of the thirty-day period. *See*
8 | *id*; 28 U.S.C. § 2244(d)(1)(A).

9 | Petitioner's judgment and sentence was filed by the clerk on November 28, 2016. Dkt. 12,
10 | Exhibit 1. Thus, petitioner's judgment and sentence was final on December 28, 2016, the date
11 | the time for filing a direct appeal expired. *See* Wash. RAP 5.2(a). The AEDPA limitations period
12 | began running on December 29, 2016. *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002)
13 | (AEDPA limitations period begins to run the day after the conviction is final).   The one-year
14 | statute of limitations continued to run for 319 days until petitioner filed his PRP on November
15 | 13, 2017. Dkt. 12, Exhibit 2. *See* 28 U.S.C. § 2244(d)(2) (The AEDPA limitations period is
16 | tolled for any properly filed collateral state challenge to the pertinent judgment or claim.). The
17 | statute of limitations began running again on May 5, 2018, 30 days after the Washington Court
18 | of Appeals dismissed petitioner's PRP on April 5, 2018. Dkt. 12, Exhibit 6. Petitioner did not file
19 | the Petition until July 21, 2019 – long after the limitations period expired. *See* Dkt. 6.

20 | Petitioner contends that the AEDPA limitations period is "Not Applicable" to his petition.
21 | Dkt. 6 at 13-14. Petitioner specifically challenges his state court convictions and sentence, Dkt.
22 | 6, but he does not provide any evidence showing that he was precluded from challenging his
23 | convictions in a timely manner. The AEDPA limitations period provided petitioner with a

reasonable opportunity to have his claims heard on the merits.  His decision not to avail himself of such an opportunity does not demonstrate the one-year limitation period does not apply to him.

For the above stated reasons, the Court finds that petitioner has not shown that the petition was timely filed. As the record reflects that the petition was filed after the statute of limitations had run, the petition is untimely.

B.  *Equitable Tolling*

The AEDPA limitations is also subject to equitable tolling where the petitioner pursued his rights diligently and "some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted). To receive equitable tolling, a petitioner at the very least must show the extraordinary circumstances "were the but-for and proximate cause of his untimeliness." *Ansaldo v. Knowles*, 143 Fed. App'x. 839, 840 (9th Cir. 2005).

Petitioner does not argue that he is entitled to equitable tolling and fails to demonstrate that any extraordinary circumstance prevented him from filing a timely habeas petition. *See* Dkt. 6. Therefore, petitioner fails to show that he is entitled to statutory or equitable tolling, and the petition is barred by the AEDPA limitations period.

C.  *Exhaustion and Merits*

Respondent also argues that the petition is not properly exhausted and procedurally barred and fails to state a federal constitutional ground for relief. Dkt. 11. However, because the Court concludes that the petition is untimely, the Court declines to consider respondent's alternative grounds for denying habeas corpus relief.

D. *Other Pending Motions*

Petitioner also filed a motion to compel (Dkt. 13) and motion for summary judgment (Dkt. 14). As discussed above, the Court concludes the Petition untimely and recommends that it be dismissed with prejudice. Accordingly, the Court recommends the motion to compel (Dkt. 13) and motion for summary judgment (Dkt. 14) be denied as moot.

**III.    Evidentiary Hearing**

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. The Court finds it is not necessary to hold an evidentiary hearing in this case because, as discussed in this report and recommendation, the petition may be resolved on the existing state court record.

**IV.    Certificate of Appealability**

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating

REPORT AND RECOMMENDATION - 5

1 that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). No jurist of reason could disagree with this Court's evaluation of petitioner's claims or would conclude the issues presented in the petition should proceed further. Therefore, the Court concludes that petitioner is not entitled to a certificate of appealability with respect to this petition.

## V.   Conclusion

The Court concludes that the petition is barred by the one-year limitations period imposed under 28 U.S.C. § 2244(d) and should be dismissed with prejudice. No evidentiary hearing is required and a certificate of appealability should be denied. All other pending motions (Dkts. 13, 14) should be denied as moot.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on November 29, 2019 as noted in the caption.

Dated this 7th day of November, 2019.

_____
J. Richard Creatura
United States Magistrate Judge