UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BO GLENN NORLING, <br><br> Petitioner, <br><br> v. <br><br> JEFFREY A. UTTECHT, <br><br> Respondent. | CASE NO. C19-5697 BHS <br><br> ORDER DENYING PETITIONER'S MOTION TO AMEND CASE CAPTION AND MOTION TO AMEND PETITION FOR WRIT OF HABEAS CORPUS |

This matter comes before the Court on Petitioner's motion to amend case caption, Dkt. 24, and motion to amend petition for writ of habeas corpus, Dkt. 25.

On July 22, 2019, Petitioner filed a proposed petition for writ of habeas corpus. Dkt. 1; *see also* Dkt. 6 (petition for writ of habeas corpus). On September 26, 2019, Respondent filed an answer. Dkt. 11. On November 7, 2019, the Honorable J. Richard Creatura, United States Magistrate Judge, issued a Report and Recommendation ("R&R") concluding the petition should be dismissed with prejudice as untimely. Dkt. 18. Judge Creatura required the parties to file objections to the R&R within fourteen (14) days. *Id.* at 6. The R&R warned Petitioner that "[f]ailure to file objections will result in a waiver of

those objections for purposes of de novo review by the district judge." *Id.* (citing 28 U.S.C. § 636(b)(1)(C)).

On December 11, 2019, this Court issued an order adopting the R&R and dismissing the petition with prejudice. Dkt. 22. Also on December 11, 2019, the Clerk of Court entered judgment. Dkt. 23.

On December 16, 2019, Petitioner filed a motion to amend case caption, Dkt. 24, and a motion to amend habeas petition, Dkt. 25. In his motion to amend his habeas petition, Petitioner appears to argue that he is entitled to immediate relief in federal court despite his failure to preserve the issues presented in his petition by first raising them in state court. *Id.* Thus, the Court construes Petitioner's motion to amend habeas petition as an objection to the R&R. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (stating that handwritten pro se documents should be liberally construed).

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

First, Petitioner's objections are untimely because he failed to file pleadings in opposition to the R&R by the required deadline. Thus, Petitioner has waived his right to object to the R&R. 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

Second, even considering Petitioner's arguments on the merits, he fails to convince the Court that his petition (1) is timely and/or (2) is not subject to the one-year

limitations period prescribed by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2241 *et seq*. Thus, Petitioner's untimely objection in the form of a motion to amend habeas petition, Dkt. 25, is denied. Petitioner's motion to amend case caption, Dkt. 24, is denied as moot.

**IT IS SO ORDERED.**

Dated this 3rd day of January, 2020.

_____
BENJAMIN H. SETTLE
United States District Judge